UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 13-01945-CJC(DFMx)            Date: January 17, 2014

Title: <u>MATTHEW LARSON, ET AL. v. WELLS FARGO BANK, N.A.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>            <u>N/A</u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING ACTION FOR LACK OF JURISDICTION**

       Plaintiffs Matthew Larson and Stephanie Hill-Larson originally filed the present action in California Superior Court against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank, N.A. (together, "Defendants"). The Complaint alleges causes of action related to the allegedly wrongful foreclosure of the property located at 15202 Vichy Circle, Irvine, CA 92604. (Dkt. No. 1 ["Notice of Removal"], Exh. A. ["Compl."].) On December 16, 2013, Wells Fargo removed the action to this Court solely on the basis of diversity jurisdiction. (Notice of Removal.) On December 20, 2013, based on persuasive precedent from other district courts in this circuit that found Wells Fargo to be a citizen of California, the Court issued an Order to Show Cause why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. No. 5.)

       Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01945-CJC(DFMx)            Date: January 17, 2014
                                                                                Page 2

exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

       The United States Code provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The term "located" has not been further defined by the statute. Wells Fargo argues, however, that in *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court implied that "located" as used in § 1348 should be construed to mean that a national banking association is a citizen only of the place where it has its "main office." For Wells Fargo, such a ruling would mean that it is a citizen of only South Dakota for purposes of diversity jurisdiction.

       The Supreme Court's opinion in *Schmidt* does not require such a narrow reading. Interpreting § 1348 since *Schmidt*, numerous district courts in this circuit have interpreted "located" as used in § 1348 to include the state in which the national banking association has its principal place of business. *See, e.g.*, *Olson v. Wells Fargo Bank, N.A.*, — F. Supp. 2d. —, 2013 WL 4407495 (C.D. Cal. Aug. 1, 2013); *Tahney v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1093 (E.D. Cal. 2012). These courts have specifically found Wells Fargo to be a citizen of both South Dakota and California.

       While recognizing that there is disagreement within this circuit and among circuits as to Wells Fargo's citizenship, the Court agrees with the analysis of its sister courts that have interpreted § 1348 and found Wells Fargo to be a citizen of California for purpose of diversity jurisdiction. Accordingly, because Plaintiffs are also California citizens, the Court cannot exercise diversity jurisdiction over this matter. The action is hereby **REMANDED** to Orange County Superior Court.

rrd

MINUTES FORM 11
CIVIL-GEN                                                                                                          Initials of Deputy Clerk MU